UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ION SOLAR, LLC a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL BAILEY aka DANNY B, an individual residing in Colorado; and DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY (DOC. NO. 10)**<br><br>Case No. 2:23-cv-00371<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff ION Solar, LLC moves for expedited discovery in advance of a Rule 26(f) conference in order to identify defendants in this case.[1] In its complaint, ION Solar alleges defendant Daniel Bailey and other unidentified "Doe" defendants were involved in a theft ring which stole solar power inverters from an ION Solar warehouse and sold them on eBay to various solar installation companies.[2] In the motion for expedited discovery, ION Solar represents it has been able to track the inverters and identify certain installation companies which installed them.[3] ION Solar also indicates it has "determined that communications for the eBay

---

[1] (Ex Parte Mot. for Expedited Disc. ("Mot."), Doc. No. 10.)

[2] (*See* Compl. ¶¶ 13–20, Doc. No. 1; *see also* Mot. 3, Doc. No. 10.) ION Solar brings a RICO claim and claims for conversion, trespass, tortious interference, and civil conspiracy. (*See* Compl. ¶¶ 21–61, Doc. No. 1.)

[3] (*See* Mot. 3, Doc. No. 10.)

1

sales have been conducted through various, generic email addresses."[4]  ION Solar asserts "eBay, Google, and the installer solar companies likely possess information that would assist in identifying the actual names and contact information for the Doe defendants involved in the theft ring."[5]  Therefore, ION Solar seeks to subpoena records from eBay, Google, and solar installation companies, including transaction documents and communications, in order to ascertain the identities of the Doe defendants and obtain their contact information to serve them with process.[6]

      Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[7]  "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[8]  Courts have permitted expedited discovery to facilitate identification and service of unknown defendants who were alleged to have used websites to distribute pirated products or to engage in other illegal activity.[9]

---

[4] (*Id.*)

[5] (*Id.*)

[6] (*Id.*)

[7] Fed. R. Civ. P. 26(d)(1).

[8] *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[9] *See, e.g.*, *Living Scriptures, Inc. v. Doe*, No. 1:10-cv-00182, 2010 U.S. Dist. LEXIS 119968, at *1–3 (D. Utah Nov. 9, 2010) (unpublished) (permitting expedited discovery where unidentified defendants allegedly used eBay to distribute pirated products); *1524948 Alberta Ltd. v. John Doe*

ION Solar has shown good cause to permit expedited discovery directed to eBay and solar installation companies regarding the defendants' identities and contact information, based on allegations that the defendants used eBay to sell stolen inverters belonging to ION Solar to other solar installation companies. ION Solar has demonstrated subpoenas to these entities are necessary to facilitate identification and service of the unknown defendants. However, ION Solar has not shown good cause to permit discovery directed to Google. ION Solar has not alleged—in either the complaint or the motion—a connection between the defendants' activities and Google. While the motion states the defendants use "generic email addresses,"[10] it does not assert the defendants use Gmail, and it provides no other information regarding a connection between Google and the allegations in the complaint.

Additionally, the proposed scope of the subpoenas exceeds the justification for permitting discovery at this stage, which is solely to obtain the defendants' identities and contact information. ION Solar has not demonstrated subpoenas seeking all transaction documents and communications related to the sales are necessary to identify and serve the defendants. Therefore, the scope of discovery permitted at this stage is limited to subpoenas seeking names and contact information.

Accordingly, the motion is granted in part and denied in part, and the court ORDERS as follows:

---

*1-50*, No. 2:10-cv-00900, 2010 U.S. Dist. LEXIS 100482, at *3–4 (D. Utah Sep. 22, 2010) (unpublished) (permitting expedited discovery where unidentified defendants allegedly used a website to publish defamatory statements and engage in trademark infringement).

[10] (Mot. 3, Doc. No. 10.)

1. ION Solar is granted leave to issue subpoenas to eBay and solar installation companies requesting records of names and contact information for the defendants involved in the sales of the subject inverters.

2. ION Solar's motion is denied without prejudice with respect to discovery directed to Google.

DATED this 11th day of August, 2023.

                         BY THE COURT:

                         Daphne A. Oberg
                         United States Magistrate Judge